UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JESSE T.,[1]

              Plaintiff,

v.                                           Civil No. 2:22cv101

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

              Defendant.


### OPINION AND ORDER

Plaintiff Jesse T. ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Commissioner") denying his claims for disability benefits under Title II of the Social Security Act. Before the Court are: (1) cross-motions for summary judgment; (2) the Report and Recommendation ("R&R") of the United States Magistrate Judge; (3) Plaintiff's objections to the R&R; and (4) Defendant's response to Plaintiff's objections. For the reasons set forth below, the Court **ADOPTS** the R&R, ECF No. 19; **DENIES**

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

Plaintiff's motion for summary judgment, ECF No. 13; and **GRANTS** the Commissioner's motion for summary judgment, ECF No. 16.

## I. Procedural Background

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this matter was referred to a United States Magistrate Judge for an R&R. ECF No. 11. On November 21, 2022, the Magistrate Judge assigned to this case issued a detailed R&R recommending that Plaintiff's motion for summary judgment be denied and that the Commissioner's cross-motion for summary judgment be granted. ECF No. 19. By copy of the R&R, each party was advised of the right to file written objections, and on December 5, 2022, the Court received Plaintiff's objections to the R&R. ECF No. 20. The Commissioner filed its response on December 16, 2022. ECF No. 21.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." However, where a party broadly restates the same arguments it raised on summary judgment, de novo review is unnecessary since such restatements do not "constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citations omitted). In situations where no proper objection is made, the district court need only review the report and

2

recommendation for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing a final administrative decision, a district court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (alteration in original) (citation omitted). Substantial evidence refers to "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). Stated another way, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted). Not only is the "threshold for evidentiary sufficiency . . . not high," but it is not the place of the reviewing court to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377, 383 (4th Cir. 2021) (second alteration in original) (citations omitted).

### III. Discussion

Plaintiff's objections to the R&R focus on his ability to return to work in light of psychological limitations from physical and mental injuries suffered during a 2018 motor vehicle accident

3

that occurred while Plaintiff was working as a truck driver. Plaintiff offers what is labeled as a single objection, but which, upon review, appears to be two distinct arguments: (1) that the Magistrate Judge erred in concluding that the ALJ properly assessed the medical opinion offered by Plaintiff's treating psychologist Dr. Liebowitz; and (2) that the Magistrate Judge relied on "post-hoc rationalizations for the ALJ's failure to follow relevant law." ECF No. 20, at 2-3. The Court considers these objections de novo and addresses them individually below.[2]

### A. Erroneous Evaluation of Dr. Liebowitz's Findings

Plaintiff argues that the Magistrate Judge erroneously accepted the ALJ's "cursory and unsupported reasoning" rejecting Dr. Liebowitz's opinions set forth in a letter dated February 26, 2021. In the letter, Dr. Liebowitz acknowledged that Plaintiff had made "substantial progress since starting psychotherapy" but still opined as follows:

> I do not believe the [Plaintiff] is capable of returning to work secondary to flare-ups that will impact his ability to maintain himself at work reliably. This issue is not just a function of his PTSD but of his posttraumatic headaches as well. These can flare up unpredictably and would likely increase in frequency and intensity secondary to the stress of returning to work. [Hereinafter, "Dr. Liebowitz's First Statement"].

> Even if after completion of [Plaintiff's] medical interventions he is deemed physically capable of returning to work as a truck driver, he would not be

---

[2] The Court has reviewed the remainder of the analysis in the R&R under a clear error standard and finds that no clear error was committed.

4

> capable of doing so psychologically at this time, and
> probably ever.  His potential over-reactivity secondary
> to his PTSD would make him a hazard on the road.
> [Hereinafter, "Dr. Liebowitz's Second Statement"].

R. 1239-40.  Plaintiff asserts that the Magistrate Judge committed error by: (1) concluding that Dr. Liebowitz's statements are not valuable or persuasive because they comment on issues "reserved for the Commissioner"; and (2) selectively quoting from Dr. Liebowitz's Second Statement in a manner that mischaracterizes the psychological findings as opining on the "ultimate issue of disability," when a more complete quotation purportedly reveals that Dr. Liebowitz was appropriately opining on "Plaintiff's ability to maintain on-task behavior and manage normal work stress."  ECF No. 20, at 2.

After de novo review of the record, the Court overrules Plaintiff's objection.  First, notwithstanding Plaintiff's arguments to the contrary, the Magistrate Judge appropriately accepted the ALJ's conclusion that Dr. Liebowitz's First Statement failed to identify or provide details regarding Plaintiff's specific impairments (i.e., "ability to understand, remember, concentrate, persist, adapt, or interact with others in the workplace").  ECF No. 19, at 26.  The Magistrate Judge further explained _why_ such statement was properly discounted by the ALJ, i.e., because it "do[es] not reveal how Plaintiff's physical or mental limitations would impact his ability to function at work."

5

Id. at 27. The Magistrate Judge therefore properly concluded that the record supports the ALJ's finding that Dr. Liebowitz's opinion "was unpersuasive due to its lack of precision and failure to describe vocationally relevant limitations." Id. Affording the ALJ the deference she is due, and in light of the remainder of the record evidence analyzed by the ALJ, this Court reaches the same finding.

Second, and related to the above argument, Plaintiff asserts that the Magistrate Judge mischaracterized Dr. Liebowitz's Second Statement by "selectively" quoting from it. ECF No. 20, at 2. However, the Magistrate Judge's use of an ellipses to quote only a portion of Dr. Liebowitz's Second Statement did not modify the relevant message. The portion of Dr. Liebowitz's Second Statement quoted by the Magistrate Judge was cited to highlight that Dr. Liebowitz was directly opining on Plaintiff's inability to return to work as a truck driver, and as the ALJ expressly concluded, resolving this question is a matter reserved for the Commissioner. See id. ("Statements about whether an individual's [residual functional capacity] prevents them from completing past relevant work relate to an issue reserved for the Commissioner, and therefore, that evidence is neither valuable nor persuasive" (citing 20 C.F.R. § 404.1520b(c)(3)([vi]))).[3] Contrary to

---

[3] Title 20 C.F.R. § 404.1520b(c)(3) lists multiple categories of evidence that are "inherently neither valuable nor persuasive to the issue of whether

Plaintiff's objection to the R&R, Dr. Liebowitz's comments regarding the "psychological" stressors that Plaintiff would suffer if he returned to work <u>as a truck driver</u> — to include "potential over-reactivity" that would render him a "hazard on the road," R. 1240[4] — did not effectively illuminate any functional or mental limitations regarding Plaintiff's ability to stay on-task or manage work stress in <u>other</u> employment settings.[5]

In addition to responding to the objection as advanced by Plaintiff, this Court's review of the R&R suggests the importance of noting herein that the Magistrate Judge's detailed opinion was further predicated on the fact that the ALJ appropriately treated Dr. Liebowitz's opinion as unpersuasive based on the contrary

---

[a person is] disabled" and indicates that no analysis of such information will be provided, with the listed types of evidence including "[s]tatements that you are or not disabled, . . . able to work, or able to perform regular or continuing work . . . [and] [s]tatements about whether or not your residual functional capacity prevents you from doing past relevant work."

[4] For context, the record otherwise reflects that Plaintiff had returned to driving by early 2021, at least for short distances in a non-employment capacity. R. 49. The ALJ's ruling and the R&R further present a fulsome background of Plaintiff's physical and mental improvements in the months and years following his accident.

[5] Consistent with Dr. Liebowitz's findings regarding Plaintiff's past work, though ultimately based on the testimony of the vocational expert, the ALJ concluded that Plaintiff <u>could not return</u> to his past work as a truck driver, but that given his "age, education, work experience, and residual functional capacity," the record revealed that he was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." R. 25-26; <u>cf.</u> R. 769 (reflecting Dr. Liebowitz's initial assessment of Plaintiff in October of 2019, which indicated that Dr. Liebowitz deemed it "unlikely" Plaintiff would ever return to work as a truck driver, but that Dr. Liebowitz anticipated Plaintiff "will be able to return to work in some other capacity," noting that "returning to work in some capacity" had "value . . . from a psychological perspective").

"treating notes" from Dr. Liebowitz.  ECF No. 19, at 28.  These written records generally revealed that Plaintiff was making "substantial progress" in his mental health treatment, though the notes failed to offer "many objective findings."  Id. at 29 (quoting R. 24).  In discussing this point, the Magistrate Judge evaluated the standard being applied by the ALJ ("supportability and consistency"), noting that the ALJ properly found that the treating notes revealed Plaintiff's significant progress and prognosis, which "does not support the restrictive limitations described in [Dr. Liebowitz's] letter." Id. at 28-29.  This Court references such finding because, when considered in conjunction with the other shortcomings in Dr. Liebowitz's letter, it demonstrates that the ALJ's conclusion was based on "substantial evidence."  Plaintiff's objection to the Magistrate Judge's analysis is therefore overruled.

### B. Post Hoc Rationalization

Plaintiff next argues that the Magistrate Judge's reference to the rule establishing that matters "reserved for the Commissioner" are inherently neither valuable nor persuasive is a "post-hoc rationalization" for the ALJ's decision to discount Dr. Liebowitz's First Statement. ECF No. 20, at 2-3.  Plaintiff argues that this asserted post hoc rationalization is improper and requires remand.  Id.

8

Though Plaintiff correctly asserts that it is improper for the Court (or the Commissioner) to provide justifications for the ALJ's ruling that are not inherent in the ALJ's opinion, <u>Dep't of Homeland Sec. v. Regents of the Univ. of California</u>, 140 S. Ct. 1891, 1909 (2020), remand is not warranted in this case even assuming that the Magistrate Judge's explanation of the controlling legal standard, and its impact on this case, was more robust than that described by the ALJ.

First, Plaintiff's objection fails to demonstrate that the Magistrate Judge adopted the ALJ's rejection of Dr. Liebowitz's First Statement for a reason different from that offered by the ALJ.  Importantly (and largely consistent with the Commissioner's argument on this issue, ECF No. 21, at 5-6), the Magistrate Judge found that the ALJ appropriately discounted Dr. Liebowitz's First Statement because the letter failed to provide sufficient detail regarding Plaintiff's <u>specific impairments or limitations</u> and/or how such limitations would impact Plaintiff's ability to return to any work setting.[6]  The fact that the Magistrate Judge further explained why Dr. Liebowitz's conclusory statements were otherwise unpersuasive (citing a clearly applicable regulation reserving for

---

[6] To the extent the ALJ intended to further signal that Dr. Liebowitz's First Statement, when read in context, is reasonably interpreted as referencing returning to past work as a truck driver, the Magistrate Judge's discussion of its lack of persuasiveness would not rely on any post hoc reasoning, but would instead squarely align with the ALJ's express rejection of any conclusion predicated on the inability to return to past work.

the Commissioner any ultimate conclusions about an applicant's ability to work), does not undercut the viability of the preceding conclusion.

Second, and consistent with the above, even assuming for the sake of argument that the Magistrate Judge's detailed explanation can be said to include post hoc reasoning, any such comments fail to undercut the fact that the ALJ's collective explanation of the shortcomings of <u>both</u> of Dr. Liebowitz's statements and the ALJ's "consistency and supportability" finding are, taken together, sufficient to support the ALJ's ruling. ECF No. 19, at 28-30. Stated another way, on de novo review and without relying on any post hoc reasoning, this Court finds that the ALJ provided a sufficient explanation for finding Dr. Liebowitz's letter unpersuasive.[7] Plaintiff's objection is therefore overruled.

### IV. Conclusion

For the reasons explained above, the R&R is **ADOPTED**, ECF No. 19, Plaintiff's summary judgment motion is **DENIED**, ECF No. 13, the Commissioner's summary judgment motion is **GRANTED**, ECF No. 16, and the Commissioner's finding of no disability is **AFFIRMED**. The

---

[7] As noted herein, in the face of substantial evidence supporting the ALJ's ruling, it is not the role of this Court to substitute its judgment for that of the ALJ, even if the Court believes that a contrary ruling would likewise be reasonable. Here, the ALJ's rejection of Dr. Liebowitz's First Statement as failing to describe effectively what activities Plaintiff can complete despite his mental limitations is sound when considered in conjunction with Dr. Liebowitz's treating notes and the other record evidence cited by the ALJ.

Clerk is requested to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

_____ /s/
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March _16_, 2023

11